UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-10-176 |
| | § | |
| KEPPEL AMFELS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING DEFENDANT KEPPEL AMFELS, INC.'S MOTION TO DISMISS

Now before the Court is Defendant Keppel Amfels, Inc.'s ("Keppel Amfels") Motion to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to exhaust administrative remedies. (Doc. 9). Plaintiff Ricardo Aguilar originally brought suit in County Court at Law No. 1, Hidalgo County, Texas, on May 14, 2010. (Doc. 1, Ex. C-5). Plaintiff alleges that he sustained a severe burn injury to his left leg and foot while working as a welder for Keppel Amfels and Defendant Amtex General Contractors, L.L.C. ("Amtex"), and that Defendants fired him because he instituted a claim and took other protected steps under the Texas Workers' Compensation Act. *Id.* Plaintiff asserts a cause of action against Defendants for retaliatory discharge based on alleged violations of the Texas Labor Code. *Id.* On June 18, 2010, Keppel Amfels timely removed the case to this Court on the grounds that Plaintiff's cause of action arises under and is preempted by the retaliatory discharge provision of the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "the Act"), 33 U.S.C. § 948a, and therefore the Court has federal question jurisdiction over the action. (Doc. 1); *see* 28 U.S.C. §§

1331, 1441.[1]  Specifically, Keppel Amfels alleges and provides evidence to show that at all times relevant to this case, Plaintiff was an employee of Amtex working as a borrowed servant for Keppel Amfels at its shipyard at the Port of Brownsville, Texas.  (Doc. 1; Doc. 1, Exs. A, B).  Plaintiff has not disputed Keppel Amfels' contention that it controlled the details of Plaintiff's work and, therefore, was Plaintiff's employer for workers' compensation purposes.  (Doc. 1); *see St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 537 (Tex. 2003).  Keppel Amfels further alleges, and Plaintiff has not disputed, that all of Plaintiff's job duties were those of a ship repairman/shipbuilder, that he was covered under the LHWCA and sought and received benefits under it, and that the Act provides the exclusive remedy for Plaintiff's retaliatory discharge claim.  (Doc. 1); *see Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 357 (5th Cir. 2010)("LHWCA guarantees workers' compensation for qualified beneficiaries…who are injured while assisting in the construction of large ships on or near federal navigable waters.  Accordingly, a person who receives LHWCA benefits may not sue his employer under state law for any additional compensatory damages related to his on-the-job injury."); *LeSassier v. Chevron USA, Inc.*, 776 F.2d 506 (5th Cir. 1985)(LHWCA retaliatory discharge provision preempted covered employee's state law suit for retaliatory discharge).

Keppel Amfels now moves to dismiss Plaintiff's action on the grounds that Plaintiff has failed to exhaust the prescribed administrative remedies for his retaliatory discharge claim under the LHWCA.  (Doc. 9).  The Act's retaliatory discharge provision states in relevant part:

> It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer….  Any employer who violates this section shall be liable to a penalty of not less than $1,000 or

---

[1]  Keppel Amfels removed the action within 30 days of service on the first-served Defendant, Amtex. (Doc. 1; Doc. 1, Exs. C-10, C-11); *see* 28 U.S.C. § 1446(b); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)("[I]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable).").

more than $5,000, *as may be determined by the deputy commissioner*. All such penalties shall be paid to the deputy commissioner for deposit in the special fund as described in section 944 of this title, and if not paid may be recovered in a civil action brought in the appropriate United States district court. Any employee so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination: Provided, That if such employee shall cease to be qualified to perform the duties of his employment, he shall not be entitled to such restoration and compensation….

33 U.S.C. § 948a (emphasis added). Keppel Amfels alleges, and Plaintiff has failed to dispute, that Plaintiff has not sought a determination by the deputy commissioner. (Doc. 9).[2] Therefore, the Court hereby **ORDERS** that Keppel Amfel's Motion to Dismiss is hereby **GRANTED** and Plaintiff's action is hereby **DISMISSED** without prejudice.

SO ORDERED this 19th day of October, 2010, at McAllen, Texas.

_____
Randy Crane
United States District Judge

---

[2] Plaintiff's failure to respond to the motion to dismiss is taken as a representation of no opposition to the motion. *See* L.R. 7.3, 7.4.